Ministers & Missionaries v. Leon Snow

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————————

August Term, 2014

(Argued: January 12, 2015        Decided: February 23, 2016)

Docket No. 14-1021

———————————

THE MINISTERS AND MISSIONARIES BENEFIT BOARD,

*Interpleader-Plaintiff-Cross-Defendant-Appellee,*

—v.—

LEON SNOW, LEANN YOWELL SNOW,

*Interpleader-Defendants-Cross-Claimants-Appellants,*

—v.—

THE ESTATE OF CLARK FLESHER, MICHELE ARNOLDY, Individually & as Personal
Representative of the Estate of Clark Flesher,

*Interpleader-Defendants-Appellees.*

———————————

B e f o r e:

KATZMANN, *Chief Judge,* KEARSE and RAGGI, *Circuit Judges.*

————————————

Appeal from a final judgment entered on March 26, 2014, by the United States District Court for the Southern District of New York (Forrest, *Judge*) granting summary judgment for the Estate of Clark Flesher and Michele Arnoldy, and denying summary judgment for Leon and LeAnn Yowell Snow. We previously certified two questions to the New York Court of Appeals. Based on the Court of Appeals' response, we now vacate and remand to the district court.

————————————

JESSE T. WILKINS (Gregory R. Preston, *on the brief)*, Preston & Wilkins, LLC, Levittown, NY, *for Leon and LeAnn Yowell Snow.*

BRIAN ROSNER (Natalie A. Napierala, *on the brief)*, Carlton Fields Jorden Burt, P.A., New York, NY, *for the Estate of Clark Flesher and Michele Arnoldy.*

————————————

PER CURIAM:

This appeal challenges a judgment of the United States District Court for the Southern District of New York (Forrest, *Judge*), holding that the Estate of Clark Flesher is entitled to receive the proceeds of two benefits plans administered by the Ministers and Missionaries Benefit Board ("MMBB"), in which Flesher was a participant. *See Ministers & Missionaries Benefit Bd. v. Estate of Clark Flesher*, No. 11 Civ. 9495 (KBF), 2014 WL 1116846 (S.D.N.Y. Mar. 18, 2014). The two MMBB contracts at issue each designate New York law as the governing law. Relying on these governing-law provisions, the district court applied New

York Estates, Powers & Trusts Law ("EPTL") section 3-5.1(b)(2), which provides

that the "revocation or alteration of a testamentary disposition of personal

property, and the manner in which such property devolves when not disposed of

by will, are determined by the law of the jurisdiction in which the decedent was

domiciled at death." The district court concluded that Flesher was domiciled in

Colorado at the time of his death and, accordingly, resolved the parties' dispute

under the substantive law of Colorado. *See Ministers & Missionaries Benefit Bd.*,

2014 WL 1116846, at *6.

The facts are set forth in detail in our opinion filed in this case on March 5,

2015. *See Ministers & Missionaries Benefit Bd. v. Snow*, 780 F.3d 150, 151–53 (2d Cir.

2015). In that opinion, we certified the following questions to the New York

Court of Appeals:

(1) Whether a governing-law provision that states that the contract will be governed by and construed in accordance with the laws of the State of New York, in a contract not consummated pursuant to New York General Obligations Law section 5-1401, requires the application of New York Estates, Powers & Trusts Law section 3-5.1(b)(2), a New York statute that may, in turn, require application of the law of another state?

(2) If so, whether a person's entitlement to proceeds under a death benefit or retirement plan, paid upon the death of the person making the designation, constitutes "personal property . . . not disposed of by will" within the meaning of New York Estates, Powers & Trusts Law section 3-5.1(b)(2)?

3

*Id.* at 155. In an opinion filed December 15, 2015, the Court of Appeals answered the first question in the negative and, accordingly, declined to reach the second question. *See Ministers & Missionaries Benefit Bd. v. Snow*, --- N.E.3d ---, 26 N.Y.3d 466, 2015 N.Y. Slip Op. 09186, at 4 (N.Y. Dec. 15, 2015), *available at* 2015 WL 8677172. It held that "when parties include a choice-of-law provision in a contract, they intend that the law of the chosen state — and no other state — will be applied. In such a situation, the chosen state's substantive law — but not its common-law conflict-of-laws principles or statutory choice-of-law directives — is to be applied, unless the parties expressly indicate otherwise." *Id*. at 15.

The ruling of the Court of Appeals resolves the principal issues before us. We hold that the district court erred by applying the statutory choice-of-law provision in EPTL section 3-5.1(b)(2), which led it to erroneously apply the substantive law of Colorado rather than the substantive law of New York. Accordingly, we vacate the order of the district court and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**